**SHAW et, Plaintiffs-Appellants, v. PERRY et, Defendants-Appellees.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3283. Decided August 27, 1949.

Ralph R. Miller, Youngstown, for plaintiffs-appellants.
Harry T. Rapport, Youngstown, for defendants-appellees.

### OPINION

By PHILLIPS, PJ.

Plaintiffs appealed to us on questions of law and fact from the judgment of the court of common pleas entered upon a decision of a judge thereof adverse to them. In that action plaintiffs sought an order decreeing that defendants hold real estate "upon a constructive trust for the sole and exclusive benefits of the plaintiffs," and an order of transfer of such property to them.

In their petition filed in the court of common pleas plaintiffs, brothers-in-law of defendant Grant Perry, alleged that on or about November 1, 1943, through a licensed real estate

broker, they entered into a contract with defendant Grant Perry to purchase three houses situated on Youngstown City Lot No. 15602 and the east ten feet of City Lot No. 15603, which together front sixty feet on the north line of St. Louis Avenue, in the City of Youngstown, Ohio; that they arranged with defendant Grant Perry to borrow the sum of $2400.00 from him to complete such purchase, which was evidenced by their promissory note secured by a first mortgage upon such property; that in compliance with the request of defendant Grant Perry, and relying upon his promise to complete such transaction, they delivered to him the receipt of such real estate broker for $100.00, evidencing the payment of $100.00 earnest money to him, and the sum of $880.00 in cash; that instead of completing the above transaction, in accordance with such agreement, defendant Grant Perry fraudulently, and without their knowledge, took title to such property jointly in his own name and in the name of his wife, the defendant Eddie L. Perry, who refused to "transfer or turn over such property to them." Plaintiffs further alleged that they paid defendant Grant Perry the sum of $2108.38, and that he has collected $726.00 in rentals from such property. Plaintiffs concluded their petition with the prayer that the trial court find and order that defendants hold such property upon a constructive trust "for the sole and exclusive benefits of the plaintiffs"; and order that they execute such trust and transfer such property by deed; and do such other things as are necessary to enable plaintiffs to receive the benefits rightly theirs in such property; and for such other and further relief in the premises as plaintiffs are entitled.

Defendants denied by answer, filed in the court of common pleas, each and every fact stated, averment made and allegation set forth in plaintiff's petition, and:—

"For a further defense, defendants aver the alleged claims of the plaintiffs involve interests in land and that said claims are not in writing and are in violation of the statute of frauds of the state of Ohio, and are therefore now void and of no effect whatsoever.

"Further answering defendants aver that on or about the 2nd day of December, 1943, the plaintiff, George Shaw, and Irene Shaw, who is the wife of the plaintiff, George Shaw, entered into a certain written land contract with these answering defendants, for the purchase of a part of Youngstown (Ohio) City Lot Number 15602, and that on or about the 22nd day of July, 1946, in completion of said land contract, these answering defendants, executed and delivered a deed

of conveyance for the part of said Youngstown City Lot Number 15602, described in said land contract to the aforesaid George Shaw and Irene Shaw, in accordance with the provisions contained in said land contract.

"Further answering defendants aver that on or about the 8th day of December, 1943, one of the plaintiffs, Ulysses Graham, together with Leola Graham, who is the wife of the plaintiff, Ulysses Graham, entered into a written land contract, with these answering defendants, for the purchase of another part of Youngstown City Lot Number 15602, and that up to the date of the filing of this answer, the said Ulysses Graham and said Leola Graham, have not completed the payments required of said Ulysses Graham and said Leola Graham, to these answering defendants, under the terms and provisions of the said written land contract, executed on or about the 8th day of December, 1943, between said Ulysses Graham and said Leola Graham and these answering defendants."

By agreement of counsel the case was submitted to us on a transcript of the testimony taken in the trial court.

Each party, in an attempt to support the allegations of their respective pleadings, introduced evidence not necessary to state here in order to understand their respective contentions other than that which disclosed that a five room house was situated on the westerly part of the land described in plaintiffs' petition, and two smaller buildings on the easterly portion thereof; that all moneys paid by plaintiffs to the Perrys in the land contract transaction are fully and adequately accounted for; that the tax bills have been paid and the receipts therefor received by defendants Perry; that insurance policies, upon which Perrys paid the premium, are carried in the name of defendants Perry with the proper land contract endorsement provision thereon.

If the facts submitted to us create a constructive trust in favor of plaintiffs it is the province of this court, sitting as a court of equity, to establish such a trust. See **40 O. Jur., paragraph 116, page 310, paragraph 108, pages 294, 295, 296; and 16 O. Jur., paragraph 96, page 223, and paragraph 76, at page 186.**

"Whenever one person is placed in a relation to another, by the act or consent of that other, or the act of a third person, or of the law, so that he becomes interested for him or with him in any subject of property or business, he will in equity be prohibited from acquiring rights in that subject antagonistic to the person with whose interest

he has been associated." Perry on Trusts, paragraph 206, page 358.

"When the person who has orally agreed to purchase for another, uses the latter's funds or other property in payment, all courts would raise a constructive trust, if the circumstances did not cause a trust to result." Perry on Trusts, paragraph 206, page 364.

As the result of a careful reading and consideration of the transcript of the testimony taken and evidence introduced in the trial court, and applying the law applicable to this case, our conclusion is the same as that reached by the trial court that "the defendants, Grant Perry and Eddie L. Perry, do not hold the property described in plaintiffs' petition upon any trust whatsoever, and the court further finds for the defendants, Grant L. Perry and Eddie L. Perry, and against the plaintiffs George Shaw and Ulysses Graham, and the prayer of plaintiffs' petition is denied, and the petition of the plaintiffs is dismissed; and judgment is rendered against the plaintiffs for the costs of this action."

An entry drawn in accordance with the docket entry of this court and this opinion may be presented.

NICHOLS, J, BUCKLEY, J, concur in judgment.